### STATE v LEWIS

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16501. Decided March, 1938.

Frank T. Cullitan, County Prosecutor, Cleveland, for plaintiff appellee.

John P. Butler, Asst. Prosecutor, Cleveland, for plaintiff appellee.

Harry F. Glick, Cleveland, for defendant appellant.

## OPINION

By LEVINE, PJ.

Louise Lewis was indicted by the Grand Jury on the charge of embezzlement.

The indictment charges specifically that Louise Lewis was the agent of Jack Kravec and Edith Kravec, and that she unlawfully and fraudulently embezzled and converted to her own use certain money in the amount of Five Hundred Forty Seven Dollars ($547.00); that the money came into the possession and care of said Louise Lewis, by virtue of her employment as agent of Jack Kravec and Edith Kravec.

A reading of the bill of exceptions discloses that Louise Lewis was and had been for many years in the furniture business; that she served many customers for a great many years by selling them furniture. As to this particular transaction we find that Jack Kravec and Edith Kravec did not pay all the money at once but paid it from time to time in installments. In our opinion the record disproves the claim that Louise Lewis was an agent of Jack Kravec and Edith Kravec.

The apparent weight of the evidence as disclosed by the record, shows that there was a relationship of debtor and creditor between Louise Lewis and Jack Kravec and Edith Kravec. When she received the money from these two people, Louise Lewis became obligated to deliver furniture as per the agreement. This obligation still rests upon Louise Lewis but it is a civil obligation—an obligation arising from a contract. It does not involve any crime or criminal intent.

In explanation of the failure of Louise Lewis to live up to her obligation, we have facts in the record showing that she was under financial stress, that she found herself in the bankruptcy court and could not raise the money to live up to her contract by buying furniture at the wholesale house and delivering the same to Jack Kravec and Edith Krovec.

The matter before us involves nothing more than a civil lawsuit for breach of contract. The crime of embezzlement was not proven. The judgment of conviction in therefore reversed and the cause is remanded for further proceedings according to law.

TERRELL J, LIEGHLEY J, concur in judgment.